## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**KEITH ALLEN WOOD,**

      **Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:24-CV-41**
　　　　　　　　　　　　　　　　　　　　　　　**(GROH)**

**SHAWN STRAUGHN,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This case was initiated on April 10, 2024, when the Petitioner, by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No.1.[1] The Petitioner paid the $5.00 filing fee on the same date he filed his petition. Id. The Petitioner is currently an inmate at the Northern Correctional Center in Moundsville, West Virginia, serving what is essentially a life sentence.[2]

Accordingly, this case is before the undersigned for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure (LR PL P) 2, et seq., and 28 U.S.C. §§ 636, 1915(e), and 1915(A). For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

---

[1] All ECF references herein are in the instant case, 3:24-CV-41, unless otherwise noted.

[2] The Defendant's next parole hearing is listed as August 5, 2091, and his projected release date is listed as August 6, 2141. See West Virginia Division of Corrections and Rehabilitation Offender Search for Prisons, https://apps.wv.gov/ois/offendersearch/doc.

## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  The Petitioner's State Conviction, Sentence and Direct Appeal

#### 1.  Conviction and Sentence in Brooke County Circuit Court

Following a jury trial in Brooke County, West Virginia Circuit Court, the Petitioner was convicted in case number 18-F-21, of two counts of sexual assault in the first degree and two counts of sexual abuse by a guardian.[3] State v. Wood, No. 21-0964, 2023 WL 2866229, at *1 (W. Va. Apr. 10, 2023). Following his conviction:

> The trial court sentenced petitioner to (1) not less than 25 nor more than 100 years in prison and a $5,000 fine on each of the two counts of sexual assault in the first degree, and (2) not less than 10 nor more than 20 years in prison and a $5,000 fine on each of the two counts of sexual abuse by a guardian. The sentences were ordered to run consecutively and to be followed by 25 years of supervised release.

Id.

#### 2.  Appeal to the West Virginia Supreme Court of Appeals

The Petitioner filed a direct appeal in the West Virginia Supreme Court of Appeals in that court's docket-number 21-0964, on April 10, 2021. Id. The Petitioner raised seven grounds in his appeal: (1) that the circuit court erred in excluding the Petitioner's offered expert testimony; (2) the circuit court erred in jury instructions related to the victim witness; (3) the circuit court erred in jury instructions related to reasonable doubt; (4) the circuit court erred when it denied the Petitioner's request to redact hearsay evidence; (5) the circuit court committed plain error in permitting certain members of the public into the

---

[3] Sexual assault in the first degree is codified at § 61-8B-3. Sexual abuse by a parent, guardian, custodian or person in a position of trust to a child; parent, guardian, custodian or person in a position of trust allowing sexual abuse to be inflicted upon a child; displaying of sex organs by a parent, guardian, or custodian, is codified at § 61-8D-5.

courtroom whom the Petitioner claimed intimidated the jury; (6) that the Petitioner was subjected to double jeopardy after his first trial ended in a mistrial based on statements made by his counsel in opening; and (7) the Court abused its discretion in sentencing the Petitioner to consecutive sentences. The Supreme Court of Appeals of West Virginia issued an unpublished per curiam opinion which affirmed the Petitioner's conviction and sentence on April 10, 2023. Id.

### B. Petitioner's Failure to File State Habeas Corpus Petition

The Petitioner concedes that he has not filed "any other petitions, applications, or motions concerning this judgment of conviction in any state court." ECF No. 1 at 4. Based on this representation, it does not appear that the Petitioner has filed a habeas corpus petition in Brooke County Circuit Court.[4] Accordingly, no appeal as to the denial of habeas relief has been filed with the Supreme Court of Appeals of West Virginia.

### C. Instant Federal Habeas Petition

In his § 2254 petition filed herein on April 10, 2024, the Petitioner articulates two grounds for relief: (1) that the Petitioner's first trial resulted in a mistrial[5] after the jury was

---

[4] The Clerk of the Brooke County Circuit Court has verified that as of June 28, 2024, the Petitioner has not filed a habeas corpus action in that jurisdiction.

[5] The Supreme Court of Appeals wrote in its opinion affirming the Petitioner's conviction and sentence:

> Petitioner's first trial was declared a mistrial due to his counsel's improper comments on opening. Thereafter, the trial court denied petitioner's motion to dismiss all charges on double jeopardy grounds. "[T]he circuit court's decision to grant or deny a motion for mistrial is reviewed under an abuse of discretion standard." State v. Thornton, 228 W.Va. 449, 459, 720 S.E.2d 572, 582 (2011).
>
> West Virginia's double jeopardy clause provides, in part, that "[n]o person shall be ... twice put in jeopardy of life or liberty for the same offence." W. Va. Const. art. III, § 5. A trial court may grant a mistrial, and avoid the double jeopardy clause, only if there is a "manifest necessity" to terminate the trial. State v. Williams, 172 W. Va. 295, 304, 305 S.E.2d 251, 260 (1983).
>
> > The term "manifest necessity" covers a broad spectrum of situations which in some instances bear little relationship to the literal meaning of this phrase. This is particularly

3

empaneled, and thus the Petitioner's second trial which resulted in his conviction, violated the double jeopardy clause of the Constitution [ECF No. 1 at 5–6]; and (2) the trial court gave a jury instruction which improperly shifted the burden of proof to the Petitioner, and thereby violated the Petitioner's Due Process rights [Id. at 7–8]. The Petitioner asserts that he exhausted his state remedies as to both grounds, but concedes that he did not pursue a post-conviction habeas corpus proceeding in State court as to either ground. Id. at 6, 8. The Petitioner requests that the Court reverse his conviction and sentence in the Circuit Court of Brooke County, West Virginia, and immediately release him from incarceration. Id. at 11.

### III.　　LEGAL STANDARD

#### A.　　Petitions for Relief Under 28 U.S.C. § 2254

All petitions for habeas corpus relief under § 2254 are subject to a strict one-year period of limitation, based on the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Further, pursuant to Rule 3, of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he time for filing a petition is governed by 28 U.S.C. § 2244(d)." That statute provides that:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

true in cases where the conduct of one party at trial has created sufficient jury prejudice toward the other that it is unfair to continue with the trial and a mistrial is warranted.

Keller v. Ferguson, 177 W. Va. 616, 620, 355 S.E.2d 405, 409 (1987). Here, petitioner's right against double jeopardy was not violated because, at his first trial, his counsel created a manifest necessity for the mistrial during his opening statement when he repeatedly referenced evidence that the trial court had clearly ruled inadmissible. On this record, we find no error in the trial court's refusal to dismiss petitioner's charges on double jeopardy grounds before his second trial.

State v. Wood, No. 21-0964, 2023 WL 2866229, at *5 (W. Va. Apr. 10, 2023)

>  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>  **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Substantively, the provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper. Under 28 U.S.C. § 2254(a) a district court must entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b). Moreover, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The statute, 28 U.S.C. § 2254, further addresses when a writ of habeas corpus shall not be granted to a state prisoner:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

5

> adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

See also Williams v. Taylor, 529 U.S. 362 (2000). "By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)." Harrington v. Richter, 562 U.S. 86, 98, 131 S.Ct. 770, 784 (2011).

> This standard . . . is difficult to meet. Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

White v. Woodall, 572 U.S. 415, 419 – 20, 134 S. Ct. 1697, 1702 (2014) (cleaned up). Further, although the Supreme Court has recognized that the 1996 enactment of the AEDPA, including 28 U.S.C. § 2254:

> Announced certain new conditions to relief, it did not guarantee relief upon their satisfaction. Instead, Congress left intact the equitable discretion traditionally invested in federal courts by preexisting habeas statutes. So even a petitioner who prevails under AEDPA must still today persuade a federal habeas court that "law and justice require" relief. . . . Today, then, a federal court must *deny* relief to a state habeas petitioner who fails to satisfy either of this Court's equitable precedents or AEDPA. But to *grant* relief, a court must find that the petitioner has cleared both tests.

Brown v. Davenport, 596 U.S. 118, 142 S.Ct. 1510, 1524 (2022).

The statute also fully addresses factual determinations made in state court:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application clauses of § 2254(1)(d) have separate and independent meanings. Williams v. Taylor, 529 U.S. 362, 364 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." Lewis v. Wheeler, 609 F.3d 291, 300 (4th Cir. 2010) (quoting Williams, 529 US at 405) (internal quotations omitted). A writ of habeas corpus may be granted under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." Id. at 300 - 301 (internal marks omitted). Therefore, the AEDPA limits the habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision.

### IV.  ANALYSIS

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 et seq. Pursuant to 28 U.S.C. §2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his state remedies. Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995); Woodfolk v. Maynard, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 *reh'g denied*, 490 U.S. 1076, 109 S.Ct. 2091 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal

8

> law," *Rose v. Lundy, supra,* 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. The Supreme Court explained in Duncan v. Henry, supra, 513 U.S. at 365, 115 S.Ct. at 888, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In Baldwin v. Reese, supra, 541 U.S. at 32, 124 S. Ct. at 1351, the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. See also Howell v. Mississippi, 543 U.S. 440, 444 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state

habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court.") A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied,* 523 U.S. 371 (1998). The Fourth Circuit also found in Breard that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id.

Here, the Petitioner has failed to file a state habeas corpus petition in the state court of his conviction, Brooke County, West Virginia Circuit Court. But filing a State

10

habeas alone is insufficient. If the State habeas is denied in Circuit Court, the Petitioner must appeal the adverse ruling to the West Virginia Supreme Court of Appeals. Only after an adverse ruling in that Court could this Court rule upon any issues in Petitioner's § 2254 petition. Further, the Petitioner concedes that he has not filed a state habeas corpus action [ECF No. 1 at 6, 8] and the undersigned has confirmed the same. See n. 4. The Petitioner contends that he exhausted his State remedies on Grounds One and Two which assert federal issue claims by filing a direct appeal. However, regardless of how the Supreme Court of Appeals of West Virginia ruled in any direct appeal, it does excuse the Petitioner's failure to file a state habeas corpus proceeding.

Accordingly, it is clear that the Petitioner has failed to obtain final judgment, or to ever seek a writ of habeas corpus in state court related to his conviction in Brooke County Circuit Court case 18-F-21, prior to filing his habeas corpus petition under § 2254. However, critically, the Petitioner filed this habeas petition on April 10, 2024, exactly one year after the Supreme Court of Appeals West Virginia's April 10, 2023, opinion which denied the Petitioner relief in his direct appeal. Even if the Petitioner had filed a habeas corpus action in state court, it is unlikely that both his circuit court and appeal to the Supreme Court of Appeals would have reached disposition before the Petitioner instituted this action.

Because the Petitioner has failed to obtain a habeas corpus judgment in the Brooke County Circuit Court and appeal any adverse ruling to the Supreme Court of Appeals of West Virginia, for a final ruling in that tribunal, the undersigned finds that the Petitioner's claims are not exhausted as he still has remedies available in State court. Because it is obvious that the Petitioner has failed to file any habeas corpus petition

11

alleging these federal issues and to have those issues finally determined by the State courts, the undersigned declines to address the merits of his claims pursuant to White v. Woodall, 572 U.S. at 419–20. For all these reasons, this Court lacks jurisdiction and it is inappropriate for this Court to entertain the Petitioner's federal habeas petition at this time.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the reasons set forth in this opinion, it is **RECOMMENDED** that the petition [ECF No. 1] for habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** and should thereafter be dismissed from the docket. It is further **RECOMMENDED** that the Petitioner should be denied a Certificate of Appealability.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 9, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE