UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KEITH ALLEN WOOD,**

        Petitioner,

v.                                             CIVIL ACTION NO.: 3:24-CV-41
                                                     (GROH)

**SHAWN STRAUGHN,**
**SUPERINTENDENT, NORTHERN**
**REGIONAL CORRECTIONAL FACILITY,**

        Respondent.

**MEMORANDUM OPINION AND ORDER
REJECTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("**R&R**") of United States Magistrate Judge Robert W. Trumble. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble to recommend the disposition of the petition. Magistrate Judge Trumble filed his R&R on July 9, 2024 [ECF No. 3]. In the R&R, he recommends that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus filed on April 10, 2024 [ECF No. 1] for failure to exhaust state remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must make a *de novo* review of those portions of the Magistrate Judge's R&R to which objection is made. Petitioner timely filed his objections to the R&R on July 23, 2024, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). [ECF No. 4]. Accordingly, the Court will review *de novo* those portions of the Magistrate Judge's R&R to which the Petitioner objects and the remainder of the R&R for clear error.

## I. BACKGROUND

On April 10, 2024, Petitioner filed his Petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254.  Petitioner raised two grounds in support of his Petition: 1) The trial court violated Petitioner's right against Double Jeopardy after declaring a mistrial following opening arguments in the first trial over the objection of Petitioner and without carefully considering alternative measures; and 2) Petitioner's right to a fair trial was violated when the trial court shifted the burden of proof to Petitioner by an erroneous jury instruction.

Petitioner had previously appealed his conviction to the West Virginia Supreme Court of Appeals ("**WVSCA**") raising seven assignments of error. The Sixth Assignment of Error presented to the WVSCA Ground One of the instant Petition, while the Seventh Assignment of Error presented Ground Two. The WVSCA issued a Memorandum Decision on April 10, 2023, affirming the trial court's decision. On May 17, 2023, the WVSCA issued a Mandate certifying the Memorandum Decision to the Circuit Court of Brooke County and removing the action from the Court's docket. As a result, a final non-appealable order was entered by the WVSCA on both grounds asserted in the Petition.

On July 9, 2024, Magistrate Judge Trumble entered his R&R recommending that the Petition be dismissed without prejudice for failure to exhaust state remedies because Petitioner did not file a state habeas corpus petition in the Circuit Court of Brooke County after the denial of his appeal to the WVSCA, and then appeal the denial of the state petition to the WVSCA. [ECF No. 3]. As a result, Magistrate Judge Trumble did not consider the merits of Petitioner's Petition.

On July 23, 2024, Petitioner filed his objection to the R&R. [ECF No. 4].

## II.  ANALYSIS

Petitioner objects to the Magistrate's R&R on the basis that the Magistrate erroneously concluded that Petitioner was required to file a writ of habeas corpus in the Circuit Court of Brooke County and appeal the denial of such petition to the WVSCA in order to exhaust his state remedies despite the fact that Petitioner appealed his conviction to a final judgment of the WVSCA.

In West Virginia, the exhaustion of State remedies is accomplished by *either*: 1) raising the federal issue on direct appeal from his conviction; *or* 2) filing a post-conviction state habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); *see also Bayerle v. Godwin*, 825 F. Supp. 113, 114 (N.D.W.Va. 1993).

Since Petitioner appealed his conviction to the WVSCA which included the two grounds raised in support of his instant Petition, the Petition is fully exhausted and should be considered on its merits.

## III.  CONCLUSION

Upon careful review of the record, the Court **SUSTAINS** Petitioner's Objection.  It is the opinion of this Court that the Magistrate Judge's Report and Recommendation should be, and is, hereby **ORDERED REJECTED** for the reasons more fully stated therein.

The Court further **ORDERS** Respondent to answer the Petition within 20 days from the date of this Order.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1)(B) that this case is referred to Magistrate Judge Trumble for further proceedings and a report-recommendation on the merits of Petitioner's petition for writ of habeas corpus.

It is so **ORDERED.**

The Clerk is directed to send a copy of this Order to counsel of record, and Magistrate Judge Trumble.

**DATED:** July 24, 2024

>        GINA M. GROH
>        UNITED STATES DISTRICT JUDGE